## CLEVELAND, C., C. & ST. L. RY. CO. v. MORTON.

### (Circuit Court of Appeals, Seventh Circuit. October 21, 1902.)

### No. 872.

1. RAILROADS—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

Plaintiff, on arriving at a railroad crossing, observed a passenger train standing on the third track from him, ready to move. He crossed the first track, and, on reaching the second, stepped back to avoid the steam from the passenger engine; and while in that position, slightly over the first track, he was struck by a switch engine running thereon. The court charged that if the switch engine was driven across the crossing without the bell being rung or the whistle blown, from the place where it started, if that was within 80 rods of the crossing, and if the fireman who was running the engine did not exercise reasonable care in looking ahead, which caused the injury, plaintiff was entitled to recover, though he did not use such care for his own safety as might have been expected of a boy of his age, provided the injury could have been avoided, notwithstanding plaintiff's negligence, if the fireman had exercised reasonable care in looking ahead. *Held,* that such instruction was erroneous, as entirely excluding plaintiff's contributory negligence in case defendant was guilty of the negligence named.

Error to the Circuit Court of the United States for the Southern District of Illinois.

Geo. F. McNulty and John F. Dye, for plaintiff in error.

E. C. Craig, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. This action was brought originally by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, in the Circuit Court of Coles County, State of Illinois, to recover damages for personal injuries said to have been caused by the negligence of the railway company. Subsequently, the case was removed to the Circuit Court of the United States, for the Southern District of Illinois, upon the petition of the defendant below, showing that the plaintiff below was a citizen of Illinois, and that the defendant below, was a citizen of the States of Ohio and Indiana. On the trial of the case in the Circuit Court, the plaintiff below was awarded a verdict for seven thousand five hundred dollars. A motion for a new trial was made and denied, and thereupon judgment upon the verdict was entered; and to reverse such judgment, this writ of error is prosecuted.

Plaintiff in error has assigned twenty alleged errors, none of which need be considered, except the third, which is based on the following instruction:

"The court instructs the jury that if you believe from a preponderance of the evidence that this switch engine was driven onto this Eleventh Street crossing without the bell being rung or the whistle blown, and that the bell was not rung or the whistle blown continuously from the place where it started to 11th street, if that place was within eighty rods from the said crossing, and that the said engine was also driven onto the said crossing in charge of a fireman alone, and that the said fireman did not keep a lookout, and that he did not exercise reasonable care in looking ahead, and if you further believe from the evidence that the plaintiff had started across the tracks at 11th

street, and on account of another engine passing on another track was standing on the crossing, and if you further believe from the evidence that the fireman could have seen the plaintiff standing there had be exercised reasonable care in looking ahead, and if you further believe from the evidence that had the fireman seen the plaintiff he could have by the exercise of reasonable care prevented the injury, and if you further believe from the evidence that the injury was occasioned as a result of the bell not ringing or the whistle not being blown, then and in that case it will be your duty to find your verdict for the plaintiff, although you may believe from the evidence that the plaintiff did not use such care for his own safety as might be expected of a boy of his age and discretion, provided if you believe from the evidence the injury could have been avoided notwithstanding his negligence if the fireman had exercised reasonable care in looking ahead."

The possible effect of this instruction, upon the fortunes of the case, will be understood in the light of the following facts:

John Morton, at the time of receiving the injuries, was a boy of about twelve years, on his way to the Post Office, in the City of Mattoon, on an errand for his mother. His way lay southward along Eleventh Street. Arriving at the railroad crossing, he observed an engine attached to a passenger train, standing on the third track from the north, apparently ready to move. After crossing the first track, and upon reaching the second, the passenger engine started up, which caused the boy to step backward to avoid the jets of steam. While in that position, a little south of the first track, and still engaged in watching the passenger engine, he was struck by a switch engine running on the north track. This switch engine was operated by a fireman only, the engineer having alighted a block away.

The claim of the plaintiff below was, that the fireman was not on the look-out, and that no bells were rung, or other signals given.

The principal question relates to contributory negligence. If the boy, having looked up and down the north track, (as he says he did) and seeing nothing approach, became so absorbed in the passenger engine that he did not look again upon the other track, and if the situation thus created was such that boys of his age, in a like situation, would have become in a like manner absorbed, the imputation of contributory negligence might not necessarily follow. A boy of twelve, less sensitive to danger than a maturer man, is, at the same time, more likely to become oblivious to his general surroundings by the presence of some interesting detail, such as the passing of an engine. The law requires of such a boy only the care commensurate with his years and appreciation of danger.

But, in the instruction under consideration, immunity from contributory negligence is not made to turn upon the boy's excusable absorption in the passing passenger engine. For anything that appears in the instruction, the boy may not have been so absorbed. He may have been apprised of the approach of the other engine, thinking it would stop. He may have thought that he stood in the clear between the tracks. Various considerations, other than that of absorption in the passing engine, may account for his conduct. Now, while none of these would excuse his conduct, the instruction treated them as if they would. It in effect, excluded the whole law of contributory negligence, in case the railway company was guilty of the negligence named.

In this, the instruction was too broad. Were the boy's absorption in the passing engine the only inference that could reasonably arise on the facts proven, a different question would arise. But as has been pointed out, such is not the case. Other motives are reasonably inferable. Their existence upon the proof, it was the right of counsel for the railway company to argue, and the province of the jury to consider. Their withdrawal from the jury's consideration—and such is the effect of the instruction—was erroneous.

The judgment of the Circuit Court is reversed, and the case remanded with instruction to grant a new trial.